IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE LYLE CAMICK (a/k/a WAYNE CAMICK), | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 13-2361-JAR-JPO ) |
| EVELYN A. WATTLEY, KAITRAXX, LLC, DISTRICT COURT OF COWLEY COUNTY, KANSAS, CHRISTOPHER E. SMITH, WINFIELD POLICE DEPARTMENT, and NICOLE HILLS, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

On July 19, 2013, Plaintiff Leslie Lyle Camick filed this *pro se* civil rights action, alleging several claims under 42 U.S.C. § 1983, and a claim for intentional infliction of emotional distress under Kansas law. Plaintiff alleges that Defendants conspired to deprive him of his civil rights by causing him to be falsely arrested and prosecuted for felony theft. Before the Court are several motions. The Court first considers and denies Plaintiff's Motion for Default Judgment against Defendant District Court of Cowley County (Doc. 37). The Court then proceeds to consider motions to dismiss filed by all Defendants (Docs. 14, 17, 19, 24). The Cowley County District Court moves for dismissal based on Eleventh Amendment immunity; the remaining Defendants ask for dismissal based on failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). As described more fully below, the Court grants Defendants' motions to dismiss the federal claims and declines to exercise supplemental jurisdiction over the remaining state law claim. The Court further finds moot Plaintiff's pending Motion to Strike Defendant District Court of Cowley County's Motion to Stay Discovery (Doc.

36) in light of this Court's ruling on the motions to dismiss, and because Magistrate Judge O'Hara has already granted that motion and stayed discovery.

I.      **Plaintiff's Motion for Default Judgment**

Plaintiff moves for default judgment against Defendant District Court of Cowley County ("the District Court"), arguing that it failed to answer within twenty-one days of receiving his Complaint. Fed. R. Civ. P. 12(a)(1)(A)(I) allows twenty-one days after service to respond to a complaint. In lieu of an answer, however, a defendant may file a motion to dismiss under Rule 12(b). Under Rule 12(a)(4), if a Rule 12(b) motion is filed, then the answer date is altered. In that case, a defendant's answer becomes due fourteen days after notice of the court's denial of the motion or the court's postponement of disposition of the motion until trial.[1]

Plaintiff served the District Court with a summons and copy of the Complaint on July 23, 2013, thereby setting August 13, 2013, as the due date for the answer.[2] On September 10, 2013, the District Court filed a Motion for Leave to File Responsive Pleading Instanter, which was granted by Magistrate Judge O'Hara.[3] On September 10, 2013, the District Court filed its motion to dismiss,[4] so the answer deadline is held in abeyance until the Court denies or postpones ruling on that motion. Given the Court's ruling today granting the District Court's motion to dismiss, it is not required to file an answer. Accordingly, the District Court is not in default, and Plaintiff's motion is denied.

---

[1] Fed. R. Civ. P. 12(a)(4)(A).

[2] Doc. 6.

[3] Docs. 22, 23.

[4] Doc. 24.

**II.     Facts Alleged in the Complaint**

When construing Plaintiff's *pro se* Complaint, the Court bears in mind that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[5] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[6] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[7] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[8] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[9] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[10]

The following facts are alleged in the Complaint and the Court draws all reasonable inferences in favor of Plaintiff.[11] Plaintiff Leslie Camick, also known as Wayne Camick, is a

---

[5]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Id.*

[7]*Id.*

[8]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[9]*Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[10]*Hall*, 935 F.2d at 1110 (citation omitted).

[11]In his response to the motion to dismiss filed by Defendant Smith, Plaintiff suggests that the motions to dismiss should be converted to motions for summary judgment and allow him an opportunity to conduct discovery and a reasonable opportunity to provide materials made pertinent by a motion under Fed. R. Civ. P. 56.  If the Court looks to matters outside the complaint in ruling on a motion to dismiss, it generally must convert the motion to a Rule 56 motion for summary judgment.  Fed. R. Civ. P. 12(d).  Here, the Court does not consider matters outside the pleadings and instead, considers the motions to dismiss under the standard set forth in Rule 12, not Rule 56.

Canadian citizen who is a Kansas resident. All Defendants are Kansas citizens. Plaintiff is a telecommunications field engineer and has developed several patents, including "a locking manhole cover worth five billion dollars."[12] Plaintiff met Defendant Evelyn "Lyn" Wattley in 2004 and they have been in a relationship that Plaintiff describes as "common-law married" since October 2005. Plaintiff and Wattley created and operated the fiber optic contracting business KaiTraxx, LLC, which does business as KomTraxx, in 2006. It is owned by Wattley and Plaintiff acted as director of operations from 2006 until 2011. Wattley maintained the financial records for the LLC.

In July 2006, Plaintiff purchased a 2006 GMC pickup truck in Louisiana. In January 2007, Plaintiff placed the title to the pickup truck in Wattley's name. Plaintiff was not listed on the title. Plaintiff's name remained on the insurance as the principal driver of the vehicle.

In May and June of 2011, Plaintiff and Wattley had financial disagreements. Plaintiff directed Wattley to transfer the title of the GMC truck to a business associate. After one of these disagreements, Plaintiff withdrew funds he needed to pay a crew working in a field in Arizona, where he was also working, over Wattley's objection. Wattley responded by cancelling Plaintiff's cell phone, fuel card, and bank card. Wattley sought legal help during this time.

On July 19, 2011, Wattley made a false report to the Winfield Police Department. Wattley told Winfield Police Officer Nicole Hills that Plaintiff stole the 2006 GMC pickup truck from her; Officer Hills knew that Plaintiff was listed on the insurance as the principal driver and that he had been driving the truck for five years. Nonetheless, Officer Hills entered the truck into the National Crime Information Center ("NCIC") database as stolen. On July 23, 2011,

---

[12]Doc. 1 ¶ 64.

Wattley learned that Plaintiff was in Deming, New Mexico; she called the Deming Police Department and reported the truck stolen. Plaintiff was arrested at his hotel by the Deming Police Department and detained from July 23 to July 28, 2011.

After Plaintiff's arrest, Wattley sent e-mails to the Deming Police Department, Defendant Christopher Smith, the Cowley County District Attorney, and the Winfield Police Department, alerting each that she had recovered the truck. On July 27, 2011, the Deming Police Department dropped all charges against Plaintiff. On July 28, 2011 Wattley sent another email to the Winfield Police Department and Smith requesting all charges against Plaintiff be dropped.

On July 29, 2011 the District Court of Cowley County and the District Attorney of Cowley County issued a warrant for Plaintiff's arrest. On that same day, Wattley signed the truck title over to a business associate. Plaintiff was arrested twice in connection with the Cowley County warrant. First, on October 19, 2011, Plaintiff was stopped at a DUI checkpoint in New Jersey and was arrested and detained for six days. Second, on January 6, 2012, Plaintiff was stopped for speeding in Cowley County and spent twelve days in the Cowley County jail.

In November 2012, Plaintiff offered to buy the LLC from Wattley; she did not agree.

In March 2013, Plaintiff was arrested by federal authorities on separate charges, including mail fraud, bank fraud, identity theft, and immigration document fraud. That criminal case is pending in the United States District Court for the District of Kansas before Judge Thomas Marten.[13] The Cowley County charges against Plaintiff for theft were dismissed with prejudice on May 28, 2013. Plaintiff filed his Complaint in this case in July 2013.

Plaintiff alleges four claims for relief. His federal civil rights claims are all brought

---

[13]Case no. 13-10042-JTM.

under 42 U.S.C. § 1983. First, he alleges that Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure by falsely reporting a crime, and by filing a false NCIC report, despite knowledge that the truck was not stolen, causing Plaintiff to be wrongly incarcerated in New Mexico, New Jersey, and Kansas. Second, Plaintiff claims a Fifth and Fourteenth Amendment due process violation associated with his wrongful imprisonment. Third, Plaintiff claims that his Sixth Amendment right to speedy trial was violated because his Cowley County case was pending for twenty months before it was dismissed. Finally, Plaintiff asserts a claim under Kansas law for intentional infliction of emotional distress, claiming that Defendants acted with intent to cause him severe emotional distress and bodily harm.

### III. Subject Matter Jurisdiction—Cowley County District Court

Plaintiff claims that the District Court approved the Kansas arrest warrant on less than probable cause and that it denied him his right to a speedy trial on the theft charges. Defendant seeks to dismiss Plaintiff's federal claims for lack of subject matter jurisdiction under the Eleventh Amendment. Federal courts are courts of limited jurisdiction and exercise jurisdiction only when authorized to do so.[14] Federal jurisdiction can be challenged at any time and plaintiff bears the burden of showing that the court has subject matter jurisdiction.[15] A facial attack, such as this, relies on the allegations in the complaint.[16] "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

---

[14] *Burdett v. Harrah's Kan. Casino Corp.*, 260 F. Supp. 2d 1109, 1112 (D. Kan. 2003).

[15] *Id.*

[16] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

the action."[17]  Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[18]

The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity.[19]  The Eleventh Amendment also gives immunity "when state officials are sued for damages in their official capacity," because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."[20]  Therefore, in the absence of some consent, a suit in which an agent or department of a state is named as the defendant is "proscribed by the Eleventh Amendment."[21]  The District Court of Cowley County, as an "arm" of the state of Kansas, is immune from suit under the Eleventh Amendment.

To bring a successful claim under 42 U.S.C. § 1983, the plaintiff must show there has been a "deprivation of a civil right by a "person" acting under color of state law."[22]  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are "persons" under 42 U.S.C. § 1983."[23]  Further, "a governmental entity that is an arm of the state for Eleventh Amendment purposes is not a person" under 42 U.S.C. § 1983.[24]  Accordingly, a

---

[17]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[18]Fed. R. Civ. P. 12(h)(3).

[19]*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty, Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)).

[20]*Id.* at 1205 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166, 169 (1985)).

[21]*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984).

[22]*McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

[23]*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

[24]*Id.* at 70; *McLaughlin*, 215 F.3d at 1172.

state court is not a "person" under 42 U.S.C. § 1983.[25] Plaintiff's federal claims against the District Court of Cowley County under 42 U.S.C. § 1983 shall be dismissed because it is immune from suit under the Eleventh Amendment.

## IV. Failure to State a Claim—Wattley, KaiTraxx, Smith, Hills, and the Winfield Police Department

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[26] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[27] The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully,"[28] but requires more than "a sheer possibility."[29]

The plausibility standard enunciated in *Bell Atlantic v. Twombly*,[30] seeks a middle ground between heightened fact pleading and "allowing complaints that are no more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,' which the Court

---

[25]*Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

[26]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[27]*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[28]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[29]*Id.*

[30]*Twombly*, 550 U.S. 544 (2007).

stated 'will not do.'"³¹ *Twombly* does not change other principles, such as that a court must accept all factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.³² The Court is cognizant that in the context of § 1983 claims against individual government actors, "[t]he *Twombly* standard may have a greater bite . . . because they typically include complex claims against multiple defendants."³³

The Supreme Court has explained the analysis as a two-step process. For purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"³⁴ Thus, the Court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.³⁵ Second, the Court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."³⁶ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."³⁷

### B. Discussion

---

³¹*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

³²*Id.* (citing *Twombly*, 550 U.S. at 556).

³³*Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2010) (quotation omitted).

³⁴*Iqbal*, 556 U.S. at 678.

³⁵*Id.* at 679.

³⁶*Id.*

³⁷*Id.* at 678.

### 1. Wattley and KaiTraxx

Under § 1983, a plaintiff must establish that (1) the defendant acted under the color of state law and (2) the actions deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States.[38] Defendants Wattley and KaiTraxx move to dismiss on the basis that they did not act under color of state law. Plaintiff does not allege in his Complaint, nor does he argue in his response to the motion, that these Defendants are employees of the State. Instead, he argues that they conspired with State officials, causing his arrests, and thus, depriving him of his constitutional rights.

"Private individuals and entities may be deemed state actors, however, if they have 'acted together with or [have] obtained significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'"[39] The Supreme Court has developed four tests to determine whether private actors should be considered state actors for purposes of § 1983 liability: (1) the public function test, (2) the nexus test, (3) the symbiotic relationship test and (4) the joint action test.[40] However, when a plaintiff attempts to assert state action by alleging a conspiracy between private defendants and "state officials or judges," "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action."[41]

Plaintiff argues that the Complaint alleges facts that lead to the reasonable inference of

---

[38] 42 U.S.C. § 1983.

[39] *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (2002)).

[40] *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007) (citing *Lugar*, 457 U.S. at 937).

[41] *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000).

concerted action among all Defendants with the common goal of "conspiring to have plaintiff deported so they could gain control of his assets worth billions." To show joint action, Plaintiff must allege facts showing that the private parties are each a "willful participant in joint action with the State or its agents."[42] But the facts as alleged do not suggest a joint purpose between the defendants in this matter. First, there is no nonconclusory allegation that the State Defendants had any interest in Plaintiff's assets. Second, Plaintiff alleges that Wattley attempted to drop the charges against Plaintiff the day before the Kansas arrest warrant issued. This fact suggests that Defendants were not acting together, for a common purpose or otherwise. Finally, a private citizen "does not engage in state action simply by availing herself of a state procedure."[43] Here, Wattley's acts of reporting theft and providing information to State authorities about the stolen vehicle are insufficient to establish she or the LLC acted on behalf of the State—she simply provided information that the police officers and prosecutors relied on in arresting and charging Plaintiff with felony theft.

Plaintiff also argues without elaboration that the Defendants "are in privity," claiming that the issue is *res ipsa loquitor*. Plaintiff misunderstands the concept of privity. It is most often used to determine whether one party is bound by the judgment of another on account of the second party's interest in the subject matter affected by that judgment.[44] As discussed above, Plaintiff has failed to allege facts that, under the applicable law, would lead to the reasonable inference that Defendants Wattley and KaiTraxx were state actors. Accordingly, the § 1983

---

[42]*Anderson*, 499 F.3d at 1233 (quotation omitted).

[43]*Scott*, 216 F.3d at 906.

[44]*See St. Paul Fire & Marine Ins. Co. v. Tyler*, 974 P.2d 611, 618 (Kan. Ct. App. 1999) (discussing various attempts to define "privity").

claims against them fail to state a plausible claim upon which relief can be granted and must be dismissed.

        **2.     Christopher Smith**

Plaintiff's claims against Defendant Smith fail because he is immune from suit. The Supreme Court has recognized a rule of absolute immunity when a prosecutor's activities are "intimately associated with the judicial phase of the criminal process," or when the actions are incidental to or give legal effect to the judicial proceeding.[45] Ultimately, it is the function being performed that determines if the prosecutor is protected by absolute immunity.[46] A prosecutor acting as an advocate for the state is afforded absolute immunity, whereas a prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity.[47] Thus, a prosecutor is absolutely immune from suit for the decision to prosecute;[48] any related investigatory or evidence gathering actions;[49] evaluation of the evidence and determination of whether there is probable cause; the determination of what information to present to the court and the drafting of affidavits, or other documents associated with the court's determination of probable cause.[50]

---

[45] *McCormick v. City of Lawrence, Kan.*, 253 F. Supp. 2d 1172, 1204 (D. Kan. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

[46] *Id.*

[47] *Id.* at 1205 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

[48] *Hammond v. Bales*, 843 F.2d 1320, 1321 (10th Cir. 1988).

[49] *Imbler*, 424 U.S. at 431 n.33; *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) (finding prosecutor immune from investigatory conduct or from failure to conduct an adequate or independent investigation).

[50] *Kalina v. Fletcher*, 522 U.S. 118, 130 (1997).

Here, Plaintiff argues that prosecutorial immunity does not apply because Smith had no probable cause to charge him with felony theft, since he knew from Officer Hills' police report that Plaintiff had not stolen the GMC truck. Plaintiff further argues that Smith was not acting within the scope of his duties when he conspired with the other Defendants "for personal gain." But there are no nonconclusory allegations in the Complaint that Smith conspired with the other Defendants in this matter, nor are there any factual averments about personal gain to Smith stemming from Plaintiff's charges. Plaintiff alleges that Smith charged him without probable cause, and that the 20-month period of time it took to dismiss the charges violated his right to a speedy trial. These claims are clearly covered by the doctrine of prosecutorial immunity—they implicate the prosecutor's decision to prosecute. As such, the claims against Smith must be dismissed.

### 3. Officer Hills

According to the Complaint, Officer Hills took the initial report from Wattley about the allegedly stolen truck. Viewing the evidence in the light most favorable to Plaintiff, Wattley lied to Officer Hills that the vehicle was stolen, but Officer Hills should have known this information was false because she was aware that Plaintiff was listed on the insurance as the principal driver. Plaintiff specifically alleges that Officer Hills knew that Wattley's name alone was on the title of the vehicle. She assured Wattley that Plaintiff could not sell the vehicle and she entered the truck information into NCIC. Plaintiff alleges that he was arrested in New Mexico after Wattley called the Deming Police and reported his location and the stolen truck.

These are insufficient factual allegations to establish Officer Hills' liability on any of the constitutional claims in this case. On the Fourth Amendment claim, Plaintiff's allegations fail to

show that Officer Hills personally participated in Plaintiff's seizure on any of the three arrests stemming from the felony theft charges. "In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established."[51] When a claim is asserted against multiple defendants, the plaintiff must "'make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her.'"[52] The Tenth Circuit has held that, "[g]iven the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."[53]

According to the Complaint, it was not Officer Hills' NCIC input that caused Plaintiff's New Mexico arrest, but a call from Wattley to the Deming Police Department. Plaintiff's arrests in New Jersey and Kansas were based on the outstanding warrant in Kansas for felony theft; there is no allegation that Officer Hills was the arresting officer in either instance. Nor is there any allegation that Officer Hills participated in the Kansas charge by, for example, preparing an affidavit in support of an arrest warrant. In sum, there is no allegation that could plausibly give rise to a finding that Officer Hills personally participated in Plaintiff's Fourth Amendment seizures.

Plaintiff's due process claims against Officer Hills also fail. When bringing a claim

---

[51]*Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

[52]*Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008)).

[53]*Robbins*, 519 F.3d at 1250.

under 42 U.S.C. § 1983, "the first step . . . is to identify the specific constitutional right allegedly infringed."[54] Plaintiff alleges violations of due process under the Fifth and Fourteenth Amendments, based on the same conduct that forms the basis of his claim under the Fourth Amendment—the seizures of his person and property. But the Fifth and Fourteenth Amendments prohibit deprivations of "life, liberty or property without due process of law." The Supreme Court has held that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'"[55] Because the Fourth Amendment explicitly addresses Plaintiff's due process claims regarding his arrest and detention, that Amendment is the proper basis under which to consider his claims.[56] Plaintiff cannot state a cognizable due process claim against Officer Hills.

Finally, Plaintiff fails to allege sufficient facts of a Sixth Amendment speedy trial violation. Section 1983 is not the appropriate remedy for a speedy trial violation to the extent it challenges Plaintiff's confinement, because such a challenge is reserved for habeas corpus.[57] Moreover, Plaintiff does not allege that Officer Hills personally participated in the decision to

---

[54]*Albright v. Oliver*, 510 U.S. 266, 271 (1994).

[55]*Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Turner v. Houseman*, 268 F. App'x 785, 787 (10th Cir. 2008).

[56]*See Porro v. Barnes*, 624 F.3d 1322, 1325 (10th Cir. 2010) ("the Fourth Amendment protects against '*unreasonable* searches and seizures' and pertains to the events leading up to and including an arrest of a citizen previously at liberty"); *Austin v. Hamilton*, 945 F.2d 1155, 1160 (10th Cir. 1991) (holding that the Fourth Amendment applies up until formal charges are brought or an arraignment is held), *abrogated on other grounds*, *Johnson v. Jones*, 515 U.S. 304 (1995).

[57]*Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973).

prolong the charges against Plaintiff as alleged in the Complaint—that was a decision by the prosecutor, who enjoys prosecutorial immunity for such actions. And, as described earlier in this Order, there are no nonconlusory allegations of a conspiracy to deprive Plaintiff of his right to a speedy trial. For these reasons, Plaintiff fails to state a claim against Officer Hills under the Sixth Amendment. Because he fails to allege an underlying constitutional violation, the Court need not consider Defendant's assertion of qualified immunity.

### 4. Winfield Police Department

Plaintiff asserts § 1983 claims against the Winfield Police Department. The Winfield Police Department argues that it is not an entity that is amenable to suit. The Court agrees—a subunit of city government is not itself a governmental entity that is subject to suit.[58] Accordingly, it must be dismissed from this action.

### B. State Law Claims

Plaintiff's remaining claim is brought under Kansas law for intentional infliction of emotional distress. Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[59] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[60] "[I]n the usual case in which all

---

[58] *See, e.g.*, *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997).

[59] 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[60] *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[61] "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[62] The Court does not find that this case is unusual and declines to exercise supplemental jurisdiction over the remaining state law claim.

V.     **Request for Leave to Amend**

"[A] *pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect."[63] Leave need not be granted if amendment would be futile.[64] However, if the *pro se* plaintiff's factual allegations are close to stating a claim but are missing some important element, the Court should allow him leave to amend.[65]

Plaintiff has not filed a separate motion requesting leave to amend his complaint, however he has asked for leave to amend in his various responses to the motions to dismiss. Plaintiff seeks leave to add as Defendants KaiTraxx's attorney, Lucy Herlocker, and Assistant District Attorney for Cowley County, Linda Loomis.[66] Plaintiff argues that these two individuals participated in the alleged conspiracy to deprive him of his civil rights. Leave to amend a

---

[61]*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

[62]*Thatcher Enters.*, 902 F.2d at 1478.

[63]*Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

[64]*See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010).

[65]*Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[66]Doc. 33 at 4.

complaint is freely given when justice so requires.[67] A party is granted leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[68] A proposed amendment is futile if the amended complaint would be subject to dismissal.[69]

Here, Plaintiff's proposed amendment to add Herlocker as a party to this action fails for the same reason his claims fail against Wattley and KaiTraxx—she is not alleged to be a state actor and there are insufficient facts to state a plausible claim that she should be deemed a state actor under any of the tests permitted by controlling law. Leave to amend to add Herlocker as a party is denied as futile.[70]

Plaintiff's proposed amendment to add Loomis as a party would be subject to dismissal based on prosecutorial immunity, so that amendment is futile. Plaintiff alleges no facts other than conclusory allegations of a conspiracy in support of this amendment. Leave to amend to add Loomis as a Defendant is thus denied.

Liberally construing Plaintiff's response to Hills and the Police Department's motion to dismiss as a motion for leave to amend to name the City of Winfield as a Defendant in this matter, the Court finds that such an amendment is futile. In some circumstances a municipality

---

[67]Fed. R. Civ. P. 15(a)(2).

[68]*Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotation omitted).

[69]*Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[70]*See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." (quotation omitted)).

18

may be subject to liability for the actions of its employees, but the City may not be held liable under § 1983 simply because it employs a person who is liable under § 1983.[71] Instead, to hold a city liable under § 1983 for acts of its employees, a plaintiff must establish that the municipality has a policy or custom that directly caused the constitutional deprivation of rights.[72] First, as described above, Plaintiff fails to state claims for relief against the City's employee, Officer Hills. Further, Plaintiff alleges no facts to suggest the City had a policy or custom that directly caused the deprivation of Plaintiff's constitutional rights.

Moreover, the Court is unable to find that Plaintiff could allege facts to support missing elements of his claims if given another opportunity to amend. His claims against the District Court are barred by the Eleventh Amendment, his claims against Smith are barred by prosecutorial immunity, his claims against KaiTraxx and Wattley fail for lack of state action, his claims against the Police Department fail because it is not an entity subject to suit, and his claims against Hills are defeated by facts that he has already alleged in the Complaint. For these reasons, Plaintiff shall not be granted leave to amend to cure the deficiencies cited herein as any amendment would be futile.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' motions to dismiss (Docs. 14, 17, 19, 24) are **granted**. Defendant District Court of Cowley County is dismissed without prejudice. Defendants Wattley, KaiTraxx, Smith, Hills, and the Winfield Police Department are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment against

---

[71] *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (10th Cir. 1978).

[72] *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Defendant District Court of Cowley County (Doc. 37) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant District Court of Cowley County's Motion to Stay Discovery (Doc. 36) is **moot**.

Dated: December 5, 2013

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE
