IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LESLIE LYLE CAMICK (a/k/a WAYNE CAMICK), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13-2361-JAR-JPO<br>) |
| EVELYN A. WATTLEY, KAITRAXX, LLC, DISTRICT COURT OF COWLEY COUNTY, KANSAS, CHRISTOPHER E. SMITH, WINFIELD POLICE DEPARTMENT, and NICOLE HILLS, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER

On July 19, 2013, Plaintiff Leslie Lyle Camick filed a *pro se* civil rights action, bringing several claims under 42 U.S.C. § 1983, and a claim for intentional infliction of emotional distress under Kansas law. Plaintiff alleged that Defendants conspired to deprive him of his civil rights by causing him to be falsely arrested and prosecuted for felony theft. The Court granted Defendants' motions to dismiss (Docs. 14, 17, 19, 24) in a lengthy Memorandum and Order filed on December 5, 2013 (Doc. 43). The Court dismissed Cowley County District Court for lack of subject matter jurisdiction. The Court granted the remaining defendants' motions for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Before the Court are several post-judgment motions filed by Plaintiff: (1) Motion for Extension of Time to File a Motion to Alter or Amend Judgment (Doc. 45); (2) Motion to Stay Order Awarding Costs (Doc. 46); (3) Motion to Alter or Amend Judgment (Doc. 47); (4) Motion to Stay Proceedings Pending Disposition of US v. Camick (Doc. 49); (5) Motions to Appoint Counsel (Docs. 50, 59, 61); (6) Amended Motion to Alter or Amend Judgment (Doc. 56); (6) Motion to Withdraw Motion for

Extension of Time to File a Motion to Alter or Amend Judgment (Doc. 57); and (7) Motion for Leave to Proceed *in forma pauperis* (Doc. 58). On February 20, 2014, Plaintiff filed a Notice of Dismissal as to the District Court of Cowley County, Kansas.

Plaintiff appears to misunderstand the procedural posture of his case. This case has been dismissed and closed. Any notice of dismissal in this matter is moot because all Defendants already have been dismissed. Furthermore, Plaintiff may not now proceed to proceed *in forma pauperis* in the district court. He paid the filing fee when he initiated this action, and the case has been dismissed. That motion is therefore moot. To the extent Plaintiff requests leave to appeal in forma pauperis, the Court will address his motion and finds that it should be denied without prejudice to refiling.

Plaintiff filed a motion to withdraw the motion for extension of time to file his motion to alter or amend; that motion shall be granted and the motion for extension of time is withdrawn.

Plaintiff has filed several motions asking the Court to reconsider its dismissal order, which the Court construe as motions for relief from judgment under Fed. R. Civ. P. 60(b). For the reasons explained below, those motions are denied. Therefore, Plaintiff's motions for appointment of counsel are moot. Finally, the Court denies Plaintiff's motion to stay the award of costs set forth in the Judgment.

**I.     Motions to Alter or Amend**

The Court incorporates by reference its recitation of the allegations lodged in Plaintiff's Complaint in this case. Plaintiff has filed two motions to alter or amend the judgment under Fed. R. Civ. P. 59(e) challenging the Court's December 5, 2013 dismissal order. But a motion to alter

2

or amend judgment pursuant to Rule 59(e) must be filed within 28 days of dismissal.[1] Plaintiff's motions to alter or amend were filed on January 3, 2014 and January 23, 2014, more than 28 days after the Court dismissed this case. The Court therefore liberally construes Plaintiff's motion as a motion under Fed. R. Civ. P. 60(b), which must be brought "within a reasonable time."[2] Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[3]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[4]

Plaintiff presents no valid legal argument to warrant relief from judgment. Mr. Camick was charged and convicted in a criminal case in the Wichita Division. After the Court dismissed this case, the Government filed a superseding indictment in the criminal matter, adding a charge

---

[1] Fed. R. Civ. P. 59(e).

[2] Fed. R. Civ. P. 60(c)(1).

[3] Fed. R. Civ. P. 60(b).

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

for obstruction of justice filing the this case against a witness in the criminal matter.[5] Plaintiff contends that the additional charges in the criminal case require this Court to reconsider its dismissal order and allow him to submit in support of his claims the testimony of witnesses at the criminal trial held in January 2014. In his amended motion to alter or amend, Plaintiff also complains of his pretrial custody status and the conditions of his confinement at the Butler County jail. None of these issues are properly before this Court. The Court considered the motions to dismiss under Rule 12, and therefore did not consider evidence outside the pleadings. If the Court reconsidered its decision, it would continue to review the sufficiency of the Complaint under Rule 12(b)(6), which does not allow the parties to present matters outside the pleadings.[6] Moreover, this case involved § 1983 claims based on actions that predated the criminal indictment in Case No. 13-10042, and the Court was required to confine its analysis to those claims.

    **A.    Kai-Traxx and Wattley; Concerted Action**

Plaintiff argues that the Court erred in finding that there was no allegation of concerted action between the Defendants who are state actors and those who are not. In its dismissal Order, the Court found that the allegations of concerted action between the Defendants were merely conclusory and therefore insufficient to support a § 1983 claim against non-state actors Kai-Traxx and Wattley. The Court has reviewed Plaintiff's arguments in the motions to alter or amend and finds no error in its previous findings. As the Court explained in its dismissal order, a private citizen "does not engage in state action simply by availing herself of a state

---

[5]*United States v. Camick*, No. 13-10042-JTM, Doc. 69 (Dec. 3, 2013).

[6]Fed. R. Civ. P. 12(d).

procedure."[7] Here, Wattley's acts of reporting theft and providing information to State authorities about the stolen vehicle are insufficient to establish she or Kai-Traxx acted on behalf of the State—she simply provided information that the police officers and prosecutors relied on in arresting and charging Plaintiff with felony theft. The fact that all of the named defendants participated as prosecutors or witnesses in Plaintiff's criminal action does not establish concerted action for purposes of maintaining a § 1983 action against non-state actors.

### B. Officer Hills

The Complaint alleges that Plaintiff was arrested in New Mexico on July 23, 2011, the same day that Deming, New Mexico Police received a phone call from Wattley advising that Plaintiff was staying at a hotel in Deming, and that he was driving a stolen truck. Plaintiff urges the Court to consider the police report of his arrest in New Mexico as evidence that Officer Hills and Wattley conspired to file a false report that led to this wrongful arrest. Plaintiff argues that because Hills' false report was entered into the National Crime Information Center ("NCIC") database, it was the deciding factor in his New Mexico arrest in July 2011, not Wattley's phone call.

Again, the Court did not consider matters outside the pleadings in deciding the Defendants' motions under Fed. R. Civ. P. 12(b)6), so it may not do so on reconsideration. Even if the Court could consider this report on a motion to dismiss, it would not change the Court's ruling. The Court assumed as true the allegations in Plaintiff's Complaint that Wattley's report was false, that Officer Hills knew that Plaintiff was listed on the insurance as the principle driver and had been driving the truck for five years, and that Officer Hills entered the truck into the

---

[7] *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000).

NCIC database as stolen. The Complaint does not provide any facts to support Plaintiff's conclusory assertion that Hills understood that the truck was not stolen, it only states that she knew Plaintiff's name was listed on the insurance.

On the Fourth Amendment claim, the Court found that the Complaint failed to allege that Officer Hills personally participated in Plaintiff's seizure on any of the three arrests stemming from the felony theft charges. There are no allegations that she participated in Plaintiff's seizures, or that she conspired with Wattley to file a false report. Plaintiff's argument on reconsideration does not change this analysis. Even if it is assumed to be true that the NCIC report formed the basis for Plaintiff's New Mexico arrest, there is no non-conclusory allegation that Hills filed the NCIC report knowing that the truck was not in fact stolen. Plaintiff does not allege that he owned the vehicle; in fact, the Complaint alleges that Plaintiff placed the title to the pickup truck in Wattley's name after purchasing the vehicle and was not listed on the title. While Hills knew that Plaintiff was listed on the insurance, the owner of the vehicle—Wattley—reported the vehicle as stolen. Officer Hills merely filed the report. These allegations are insufficient to establish that she personally participated in the alleged Fourth Amendment violations, or that she lacked a reasonable suspicion or probable cause to submit a stolen vehicle report to NCIC.[8]

### C. City of Winfield

Plaintiff argues that the Court failed to liberally construe his Complaint when it granted the City of Winfield's motion to dismiss based on the argument that its police department is not

---

[8] *Cf. Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009) (evaluating probable cause to arrest driver of vehicle for theft where vehicle had been reported stolen on NCIC and officer interviewed driver and witness at the scene).

an entity that is amenable to suit. Plaintiff asserts that naming the Winfield Police Department instead of the City of Winfield was a clerical error, and that the Court should allow him to correct the mistake. But the Court, out of an abundance of caution, did proceed to consider whether Plaintiff should be granted leave to amend in order to name the City of Winfield. The Court determined that leave to amend to correct the mistake would be futile, because the City of Winfield would be subject to dismissal. The Court explained that the City cannot be liable simply because it employs a person who is liable under § 1983.[9] Instead, to hold a city liable under § 1983 for acts of its employees, a plaintiff must establish that the municipality has a policy or custom that directly caused the constitutional deprivation of rights.[10] The Court incorporated by reference its ruling that Plaintiff failed to state claims for relief against the City's employee, Officer Hills. Further, the Court stated that Plaintiff alleged no facts to suggest the City had a policy or custom that directly caused the deprivation of Plaintiff's constitutional rights. Plaintiff has failed to show clear error or manifest injustice.

### D. Christopher Smith and Linda Loomis

Finally, Plaintiff complains that the Court erred by applying prosecutorial immunity to his claims against Smith, and by denying leave to amend to add Assistant District Atttorney for Cowley County Linda Loomis for the same reason. Plaintiff suggests that prosecutorial immunity does not apply to individual capacity claims and that it does not apply where the plaintiff alleges a series of illegal acts by a prosecutor. But, as the Supreme Court has explained, prosecutorial immunity is an absolute immunity from suit for the following reasons:

---

[9]*Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (10th Cir. 1978).

[10]*City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

7

> If a prosecutor had only a qualified immunity, the threat of §1983 suits would undermine performance of his duties no less than would the threat of common-law suits for malicious prosecution. A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law.[11]

All of Plaintiff's claims against Smith, and proposed claims against Loomis, involve their actions as advocates for the state, which clearly come within the protection of absolute prosecutorial immunity.[12] Plaintiff's motion to reconsider is denied on this basis.

### E. Motion for Leave to Amend

Plaintiff suggests in his brief in support of the motion to alter or amend that he should be allowed leave to amend to add evidence concerning the New Mexico police report that the Court discussed in considering Plaintiff's motion for relief as to Officer Hills, explaining that he did not understand that he was required to attach a proposed pleading to his request. First, this motion is not well taken because Plaintiff indicates that he learned on October 8, 2013 about the local rule requiring a proposed amended pleading be attached to the motion for leave to amend, well before the motions to dismiss were decided. More importantly, the Court should not allow

---

[11] *Imbler v. Pachtman*, 424 U.S. 409, 424–25 (1976).

[12] *See, e.g., McCormick v. City of Lawrence, Kan.*, 253 F. Supp. 2d 1172, 1204 (D. Kan. 2003).

a plaintiff to amend the complaint after judgment unless the judgment has been vacated, and unless it is shown that the plaintiff did not have the opportunity to amend before judgment was entered. Plaintiff has made neither showing here.[13] The Court has denied his motions for relief from judgment. Moreover, regardless of whether Plaintiff was able to obtain this police report prior to dismissal, the motions to dismiss focused on the allegations in the pleadings only and not matters outside the pleadings.

## II.     Motions to Appeal In Forma Pauperis and to Appoint Counsel

Plaintiff seeks leave to proceed *in forma pauperis* and has submitted a financial affidavit in support of his motion. This motion must be denied without prejudice for two reasons. First, Plaintiff has submitted an incomplete Financial Affidavit. In particular, Plaintiff failed to complete the section on his cash assets. Second, Plaintiff already paid the filing fee in this matter, so the request is moot. However, because Plaintiff may wish to proceed in forma pauperis on appeal, the Court will deny the motion without prejudice. To the extent Plaintiff files an amended motion to proceed in forma pauperis on appeal, the Court will consider the motion so long as he files an amended Financial Affidavit that corrects his earlier deficiency.

Plaintiff has filed three motions requesting appointment of counsel. In general, there is no constitutional right to appointment of counsel in a civil case.[14] For parties proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney

---

[13]*Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087–88 (10th Cir. 2005).

[14]*See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

to represent any person unable to afford counsel."[15] The provision, however, does not provide a statutory right to counsel.[16]

Under § 1915(e)(1), the Court has broad discretion to request counsel to provide representation.[17] When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), the courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims.[18] The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant.[19]

Even if the Court granted Plaintiff's motion to proceed *in forma pauperis* and considered his motions to appoint counsel under § 1915(e)(1), they would be denied. Plaintiff did not seek appointed counsel until after the Court dismissed his claims and denied leave to amend. Plaintiff ably responded to and litigated the motions to dismiss *pro se* and present his claims. He was not

---

[15] While courts sometimes use the term "appoint" when referring to § 1915(e)(1), the more appropriate terminology is request. *See Mallard v. U.S. Dist. Ct. S. Dist. Iowa*, 490 U.S. 296, 300-09 (1989) (emphasizing that § 1915(d), the predecessor to § 1915(e)(1), does not provide for compulsory appointment of counsel). Before being renumbered and amended in 1996, § 1915(d) provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." *See id.* at 298. Even though "§ 1915(e) does not authorize the district court to require an unwilling attorney to represent an indigent defendant in a civil case, it does allow the court to make an appropriate request that legal assistance be provided." *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001) (citing *Mallard*).

[16] *See, e.g., Leo v. Garmin Int'l.*, No. 10-2495-JTM, 2010 WL 4174643, at *1 (D. Kan. Oct. 20, 2010); *Patterson v. Davita Dialysis*, No. 09-2131-JAR-GLR, 2009 WL 902406, at *1 (D. Kan. Mar. 31, 2009).

[17] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[18] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[19] *Id.*

10

detained until after the Court dismissed this case. There is no authority that the Court should appoint counsel to aid a Plaintiff in postjudgment motions soley based on his incarcerated status. The Court has already determined that Plaintiff's claims lack sufficient merit to survive Defendants' motions to dismiss and declines to appoint counsel to assist Plaintiff in filing any further postjudgment motions.

### III.     Motion to Stay Award of Costs

Plaintiff requests a stay of the award of costs in this matter until he can file a formal pleading by appointed counsel and until his motions to alter or amend are ruled upon. The Court has denied Plaintiff's motions for relief from judgment and for appointment of counsel, therefore the motion to stay on these grounds is denied as moot.

### IV.     Request for Filing Restrictions

In its response to Plaintiff's post judgment motions, the City of Winfield and Nicole Hills request that the Court restrict Mr. Camick's right to file future filings without prior leave of court. They argue that there are no recoverable costs in this matter because the case was dismissed at the pleadings stage, and that they have been required to respond to an abusive volume of motions in this matter.

The right of access to the courts is not absolute, nor is it unconditional.[20] Under 28 U.S.C. § 1651, this Court has the authority to enjoin a litigant who abuses the court system through vexatious and harassing litigation.[21] The Court may "regulate the activities of abusive

---

[20]*In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994).

[21]*See, e.g.*, *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).

litigants by imposing carefully tailored restrictions under appropriate circumstances."[22] An injunction may be appropriate where the Court sets forth the litigant's abusive and lengthy history, where the litigant is given notice and an opportunity to be heard, and where the Court makes clear the requirements the plaintiff must meet in order to obtain permission to file an action.[23] While the Court is cognizant of the high volume of nonmeritorious and repetitive postjudgment motions filed by Mr. Camick, the Court is not presently inclined to grant Defendants' request for filing restrictions. However, the Court cautions Mr. Camick of the rule that his right of access to the courts is not absolute and that he will not be allowed to abuse the legal system. If Mr. Camick continues, however, to pursue vexatious motions in this case, the Court will revisit this request and consider future filing restrictions.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Withdraw Motion for Extension of Time to File a Motion to Alter or Amend Judgment (Doc. 57) is **granted** and his Motion for Extension of Time to File a Motion to Alter or Amend Judgment (Doc. 45) is hereby **withdrawn**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Order Awarding Costs (Doc. 46) and Motion to Stay Proceedings Pending Disposition of US v. Camick (Doc. 49) are **denied as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter or Amend Judgment (Doc. 47), Amended Motion to Alter or Amend Judgment (Doc. 56), and Motions to Appoint Counsel (Docs. 50, 59, 61) are **denied**;

---

[22]*Zhu v. Fed. Housing Fin. Bd.*, No. 04-2539-KHV, 2007 WL 1266887, at *3 (D. Kan. May 1, 2007) (citation omitted).

[23]*Tripati*, 878 F.2d at 353–54.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 58) is **denied without prejudice to refiling** as a motion for leave to appeal *in forma pauperis* along with an amended Financial Affidavit. The Clerk is directed to send a Financial Affidavit form to Plaintiff along with this Order.

**IT IS SO ORDERED**.

Dated: April 4, 2014

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE